**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| DONVILLE JAMES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 10-1675 (BAH) |
| | : | |
| UNITED STATES SECRET SERVICE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Plaintiff, a federal prisoner, brings this action under the Freedom of Information Act

("FOIA"), *see* 5 U.S.C. § 552, to challenge defendants' response to his request for information

pertaining to himself and the criminal investigation of his activities. This matter is before the

Court on defendants' motion to dismiss or, in the alternative, for summary judgment. For the

reasons discussed below, the motion will be granted.

## I. BACKGROUND

In September 2005, plaintiff submitted a FOIA request (assigned No. 20050573) to the

United States Secret Service ("Secret Service"), and the agency's search for responsive records

yielded two files maintained by its Chicago Field Office ("CFO"). *See* Objection to Defs.' Mot.

to Dismiss or Alternatively, for Summary Judgment ("Pl.'s Opp'n"), Attach. (Aff. of Factual

Supp.) ¶¶ 86-89. The two files were an asset forfeiture file and a criminal investigative file

containing "documents compiled in connection with the Secret Service's criminal investigation

of [p]laintiff." *James v. U.S. Secret Serv.*, No. 06-1951, 2007 WL 2111034, at *2 (D.D.C. July

23, 2007) (Kessler, J.). The Secret Service withheld all the records in full. *Id.* In subsequent

litigation, this Court found that the search for responsive records was "adequate to fulfill Secret

Service's obligations under FOIA." *Id.* at *4. This Court further concluded that information in

the criminal investigative file was properly withheld based on Exemptions 7(A) and 7(C). *See*

*id.* at *4-7.[1] Specifically, the Court found that Exemption 7(A) applied because, while the

appeal of plaintiff's criminal convictions was pending before the United States Court of Appeals

for the Seventh Circuit, the requested disclosure "could interfere with an ongoing criminal

investigation."[2] *Id.* at *5. In addition, the Court considered plaintiff's assertion that he needed

the requested documents "to show that the government acted improperly in his criminal case," *id*.

at *7, -- a refrain reprised in this case -- but held that the Secret Service properly withheld

documents under Exemption 7(C) in order to protect from disclosure identifying information

about law enforcement personnel and third parties. *Id*. The Seventh Circuit since has affirmed

plaintiff's convictions. *See United States v. James*, 487 F.3d 518 (7th Cir. 2007).[3]

In April 2009, plaintiff submitted a second FOIA request (assigned No. 20090259),

which is at issue in this lawsuit, to the Secret Service for records which previously had been

---

[1]    As part of the litigation in connection with plaintiff's 2005 FOIA request, documents
from the asset forfeiture file relating to a forfeiture action and property seized from plaintiff were
disclosed to him, after appropriate redactions were made to protect the identity of law
enforcement personnel and third parties. *James,* 2007 WL 2111034, at *2. Documents
pertaining to plaintiff also have been disclosed to him in response to his FOIA requests directed
to the FBI. *Id.* at *1.

[2]    FOIA Exemption 7(A) allows an agency to withhold "records or information compiled
for law enforcement purposes" if disclosure "could reasonably be expected to interfere with
enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). A pending appeal of a criminal conviction
qualifies as an enforcement proceeding for purposes of Exemption 7(A). *Kansi v. U.S. Dep't of
Justice*, 11 F. Supp. 2d 42, 44 (D.D.C. 1998).

[3]    Plaintiff attempted to purchase fifteen kilograms of simulated cocaine from an informant
using counterfeit money, and agents of the Federal Bureau of Investigation and the Secret
Service "monitored the transaction visually and through a sound transmitter worn by [the
informant]." *James*, 487 F.3d at 521. He "was convicted of attempting to possess with intent to
distribute more than five kilograms of cocaine . . ., carrying a firearm during and in relation to
and in furtherance of a drug trafficking crime . . . , and counterfeiting obligations of the United
States . . . . [He] was sentenced to 211 months' imprisonment." *Id.* at 520.

withheld in full under Exemption 7(A).  *See* Compl. ¶¶ 12, 21.  Specifically, plaintiff requested

four items:

> 1.  Compact Disc labeled with serial number 201-2002-CE-000442, which was inventoried in SSF 1544 on March 25, 2002[;]
> 2.  Compact Disc labeled with serial number 201-2002-CE-000446, inventoried in SSF 1544 on March 25, 2002[;]
> 3.  Maxwell C45 cassette tape labeled with serial number 201-2002-CE-000443, inventoried in SSF 1544 on March 25, 2002[; and]
> 4.  Maxwell mini-digital video cassette labeled with serial number 201-2002-CE-000454, inventoried in SSF 1544 on March 25, 2002.

Mem. of P. & A. in Supp. of Defs.' Mot. to Dismiss or, Alternatively, for Summ. J. ("Defs.'

Mem."), Ex. 1 (Letter from plaintiff to Kathy J. Lyerly, SAIC, Freedom of Information and

Privacy Act Office, Secret Service, dated April 15, 2009) at 2; *see* Compl. at 11.

Plaintiff contends that the "requested materials were recorded by [the Secret Service] in

March[] 2002, under 18 U.S.C. § 2511(2)(a)(ii)(c): where a criminal informant had given

consent to have his conversations with [p]laintiff recorded."  Compl. ¶ 23.  These recordings

were "placed . . . in Secret Service File (SSF) 1544, which [the Secret Service] now calls the

'investigative file,'" *id.* ¶ 24, assigned file number 201-735-0131941-S.  Pl.'s Opp'n at 1; *see*

Defs.' Mem., Decl. of Jonathan Just ("Just Decl.") ¶ 3.  The Secret Service released in redacted

form "information pertaining to evidence inventoried in SSF 1544 . . . as well as . . . other pieces

of information contained in the investigative file . . . that are no longer exempt."  Defs.' Mem.,

Ex. 2 (Letter from Craig W. Ulmer, Special Agent In Charge, Freedom of Information & Privacy

Acts Officer, to plaintiff dated August 19, 2009) at 1.  According to plaintiff, defendants

"disclos[ed] materials . . . which were unresponsive to [his] request," Compl. ¶ 13, and he

pursued an administrative appeal. *See id.*; Defs.' Mem., Ex. 3 (Letter from plaintiff to the

Deputy Director, U.S. Secret Service, dated August 31, 2009).

Plaintiff argued that the agency "only disclosed the Certified Inventory Sheets, showing

that [this] physical evidence was indeed inventoried in SSF 1544, with their corresponding

assigned serial numbers," but his request actually "was for copies of the 'original' recordings

themselves." Defs.' Mem., Ex. 3 at 1-2 (emphasis removed). The agency responded with the

following explanation:

> Please be advised the compact discs, the cassette tape, and the
> video cassette . . . were destroyed by the Secret Service on
> November 26, 2007. Copies of the documents evidencing this
> destruction are enclosed. We note that the Maxwell mini-digital
> video cassette you requested information on was numbered 201-
> 2002-CE-000454, not 201-2002-CE-000434.

*Id.*, Ex. 4 (Letter from Keith L. Prewitt, Deputy Director, Secret Service, to plaintiff dated

November 20, 2009, with attachments).

Plaintiff apparently disputes the veracity of the agency's response that the items he

requested were destroyed. He states that defendants are "misrepresenting the truth concerning

the existence of the March 25, 2002 recorded conversation, and all the recorded conversations in

their Investigative File, SSF 1544, depriving [p]laintiff his right to full disclosure" of these

records under the FOIA. Compl. ¶ 43. He believes that the purported destruction of these

recordings "is a ploy on behalf of the Government not to make the material public because [it]

will prove detrimental to the Government's criminal prosecution of [p]laintiff." *Id.* On the other

hand, if the government did indeed destroy the material, plaintiff asserts not only that the

destruction of these records violates 18 U.S.C. § 2518(8)(a), *id.* ¶¶ 25, 45,[4] but also that the

---

[4]     Plaintiff contends that the Secret Service destroyed the requested recordings prematurely
in violation of 18 U.S.C. § 2518(8)(a), *see* Compl. ¶¶ 14, 35-27, 45, but he does "not request

government ran afoul of its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing

to disclose these recordings during the criminal proceedings.[5] *See* Compl. ¶¶ 27, 40.[6] Among

other relief, plaintiff demands "access to the requested materials in the Investigative File[,]

mainly the 'physical' CDs and tapes that contain the actual recorded conversations that were

logged into evidence . . . in [the Secret Service's] criminal investigation of [p]laintiff." *Id.* at 11.

---

relief from this Court pursuant to 18 U.S.C.[] § 2518(8)(a)." Pl.'s Opp'n at 25. The Court will treat as conceded defendant's motion to dismiss, *see* Defs.' Mem. at 7-9, on the ground that the complaint states no claim under 18 U.S.C. § 2518(8)(a) upon which relief can be granted.

In any event, plaintiff's argument that defendants violated a statutory duty under 18 U.S.C. § 2518(8)(a) by destroying recorded materials "before the 10 years minimum time allowed by Title III," Pl's Opp'n. at 9, is predicated on a misinterpretation of the law. This statutory provision requiring retention for up to ten year applies only to communications intercepted under the authority of a court order issued under Title III. No such court order is required to make consensual recordings, which are not unlawful when made by a government agent with the prior consent of a party to the communication. *See* 18 U.S.C. § 2511(2)(c). In short, Title III restrictions and requirements are inapplicable to consensual recordings. *See In re High Fructose Corn Syrup Antitrust Litigation*, 216 F.3d 621 (7th Cir. 2000). Consequently, the retention period set forth in 18 U.S.C. § 2518(8)(a) does not apply to consensual recordings.

[5] In *Brady*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 86.

[6] Plaintiff asserts that the government "failed to uphold their statutory duty to disclose the March 25, 2002 recorded conversation . . . by misleading the trial court in their criminal prosecution of Plaintiff, wherein the Government told the Court, under Oath, that they failed to record the conversation because the agents had left the recording equipment 'off by mistake.'" Compl. ¶ 34. Plaintiff cites two documents as evidence that the recording was made: a "Certified Inventory of Evidence List" and "Disposition of Evidence and Contraband" log. Both of these documents contain a notation about the compact disc, and one describes it as "containing the recording of the body wire placed on the criminal informant by the Federal Bureau of Investigation on 3/25/02." *Id.* ¶ 33. Nothing about the existence and treatment as evidence of this compact disc "clearly show[s]," *id.* ¶ 34, as the plaintiff contends, that the recording was actually made; on the contrary, the agents may have logged the compact disc as potential evidence in the investigation, even though it contained no recording due to the agents' failure to turn on the recording equipment.

## II.  DISCUSSION

### A.  *Summary Judgment in a FOIA Case*

"FOIA cases are typically and appropriately decided on motions for summary judgment." *Negley v. FBI*, __ F. Supp. 2d __, __, 2011 WL 3836465, at *3 (D.D.C. Aug. 31, 2011) (citations omitted).  Summary judgment is granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *see also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).  "[T]he agency bears the burden of showing that there is no genuine issue of material fact, even when the underlying facts are viewed in the light most favorable to the requester."  *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1350 (D.C. Cir. 1983); *see also Burka v. U.S. Dep't of Health and Human Servs.,* 87 F.3d 508, 514 (D.C. Cir. 1996); *Chaplin v. Stewart*, No. 10-0518, 2011 WL 65742, at *3 (D.D.C. Jan. 10, 2011).  Factual assertions in the moving party's declarations may be accepted as true unless the opposing party submits his own declarations or documentary evidence to the contrary.  *See Int'l Counsel Bureau v. CIA*, 774 F. Supp. 2d 262, 266 (D.D.C. 2011) (citing *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992)).  Summary judgment is justified in a FOIA lawsuit if an agency's supporting declarations and exhibits describe the requested documents and "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record []or by evidence of agency bad faith." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (citing *Miller v. Casey*, 730 F.2d 773, 776 (D.C. Cir. 1984)); *see also Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981); *accord Campbell v. Dep't of Justice*, 164 F.3d 20, 30 (D.C. Cir. 1998).

*B. The Secret Service's Search for Records Responsive to Plaintiff's FOIA Request*

To satisfy its burden to show that no genuine issue of material fact exists, the agency must show that "it has conducted a search reasonably calculated to uncover all relevant documents." *Elliot v. U.S. Dep't of Agric.*, 596 F.3d 842, 851 (D.C. Cir. 2010) (quoting *Weisberg*, 705 F.2d at 1351). In determining the sufficiency of agency's identification and retrieval efforts, the Court may rely on affidavits or declarations that explain in reasonable detail the scope and method of the search. *Morley v. CIA*, 508 F.3d 1108, 1116 (D.C. Cir. 2007) (citing *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978)). "In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA." *North v. U.S. Dep't of Justice*, 774 F. Supp. 2d 217, 222 (D.D.C. 2011) (citing *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982)). If the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Beltranena v. Clinton*, 770 F. Supp. 2d 175, 183 (D.D.C. 2011) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)); *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (summary judgment is inappropriate "if a review of the record raises substantial doubt" about the adequacy of the search) (citation omitted).

The Evidence and Property Control Specialist for the Secret Service's CFO described her thorough search for records responsive to plaintiff's FOIA request as follows:

> I searched all of the places where I thought [plaintiff's] requested items might be stored. My search efforts included a review of both the Secret Service computer database that lists items held in evidence in criminal cases, including Case No. 201-735-0131941-S, and the chain of custody logs for each item of evidence held in the case.
>
> Through my efforts, I discovered that the two (2) compact discs, one (1) cassette tape and one (1) video cassette requested by [plaintiff] were destroyed pursuant to the directives contained in

section fourteen (14) of the Secret Service's Investigative Manual, which states that evidentiary items that are "being held for trial" may be "cleared", or destroyed/disposed of, "upon completion of the judicial process", *i.e.*, upon completion of the related trial and appeal processes. In regard to the closed investigative file from [plaintiff's] case, it remains in storage at the [CFO] . . . [and it] is being retained pursuant to the directives contained in section seven (7), subsection seven (7) of the Secret Service's Professional Responsibility Manual, that require closed case files from routine counterfeit investigations to be retained . . . for thirty (30) years after the underlying case is closed.

I subsequently conducted a visual inspection of the field office evidence vault, which is the only place where these items of evidence would be kept, to confirm that these specific items of evidence had, in fact, been destroyed. My observations were consistent with the Secret Service records indicating the destruction of the [requested] items of evidence. Namely, the requested tape, compact discs and video cassette where [sic] not present in the vault.

Defs.' Mem., Decl. of Starr Vazquez ¶¶ 7-9. The Special Agent to whom CFO Case Number 201-735-0131941-S was assigned in 2007 reviewed the file, "including the Certified Inventory of Evidence forms, Chain of Custody Logs, and . . . Memorandum Reports," *id.*, Just Decl. ¶ 5, and confirmed the destruction on November 14, 2007, of the compact discs, cassette tape, and video cassette at issue in this case. *Id.*, Just Decl. ¶ 6.[7]

Plaintiff does not challenge the adequacy of the search. Assuming the veracity of the agency's declarations as to the disposition of the requested material, he instead argues that the agency destroyed the recordings not only prior to the expiration of 10-year period required under

_____

[7] Special Agent Just prepared a Memorandum Report with respect to each of the four items listed in plaintiff's FOIA request, and each report included the following statement: "DISPOSITION: Destroyed Disposed of locally by smashing/shredding/burning by SA Just and SA Cofer." Defs.' Mem., Just Decl. ¶ 7; *see id.*, Just Decl., Attach. A-E. It was the agent's practice "to prepare Memorandum Reports contemporaneous[ly] with the final disposition of evidence in a case." *Id.*, Just Decl. ¶ 7.

18 U.S.C. § 2518(8)(a),[8] but also prior to the completion of criminal proceedings, namely the expiration of the "one-year time limitation in which to file his 28 U.S.C. § 2255 petition."[9] Pl.'s Opp'n at 26.

At the outset, the Court accepts the good faith assertions in Special Agent Just's declaration stating that the requested materials have been destroyed. *See* Just Decl. ¶¶ 6-7. Plaintiff therefore faces two insurmountable obstacles. First, plaintiff ignores the fact that the Secret Service no longer maintained or controlled the requested recordings at the time he submitted his second FOIA request in 2009. The FOIA requires that agency records be made available to a person who reasonably describes them and submits his request in compliance with published rules. *See* 5 U.S.C. § 552(a)(3)(A). The term "agency record" includes records that the agency creates or obtains, and records under its control at the time it receives a FOIA request. *U.S. Dep't of Justice v. Tax Analysts,* 492 U.S. 136, 144 (1989); *see Kissinger v. Reporters Comm. for Freedom of Press,* 445 U.S. 136, 151-52 (1980) ("FOIA is only directed at requiring agencies to disclose those 'agency records' for which they have chosen to retain possession or control."); *Landmark Legal Found. v. Envtl. Prot. Agency*, 272 F. Supp. 2d 59, 66 (D.D.C. 2003) ("It is well settled that a FOIA request pertains only to documents in the possession of the agency at the time of the FOIA request."). An agency does not control a record which has been destroyed, *see Piper v. U.S. Dep't of Justice*, 294 F. Supp. 2d 16, 22 (D.D.C. 2003) ("Destroyed documents are nonexistent and nonexistent documents cannot remain in someone's possession."), and it is under no obligation to obtain a duplicate of or to re-create a record in order to fulfill a FOIA request. *See Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S.

---

[8]     This argument is without merit as explained in note 4, *supra*.
[9]     Plaintiff filed a § 2255 motion in March 2008; it was denied, as was his appeal to the Seventh Circuit. *See* Pl.'s Opp'n, Attach. (Aff. of Factual Supp.) ¶¶ 130-34.

132, 162 (1975) (finding that the FOIA "only requires disclosure of certain documents which the law requires the agency to prepare or which the agency has decided for its own reasons to create"); *see also Jones v. FBI,* 41 F.3d 238, 249 (6th Cir. 1994) (noting that the Court "cannot order the FBI to make amends for any documents destroyed prior to the request").

Second, plaintiff is under the mistaken impression that the Secret Service was to have monitored and therefore known of the conclusion of all post-conviction proceedings, in order to release the desired records without plaintiff having to request them. *See* Pl.'s Opp'n at 26. The FOIA does not require an agency to update or supplement a prior response to a request for records. *See Coven v. U.S. Office of Personnel Mgmt.*, No. 07-1831, 2009 WL 3174423, at *9 (D. Ariz. Sept. 29, 2009) (concluding that sole proprietor of website providing information for job seekers was not entitled to ongoing daily disclosure of all federal job vacancy announcements based on a single FOIA request); *McQueen v. United States*, 179 F.R.D. 522, 525 n.5 (S.D. Tex. 1998) ("[T]he the FOIA contains no provision which obligates an agency to update FOIA disclosures.").

The Secret Service's inability to locate the recordings does not defeat summary judgment because the agency "establish[es] that [its staff] located no records . . . after a reasonable search using 'methods reasonably expected to produce the information requested.'" *Davidson v. Envtl. Prot. Agency*, 121 F. Supp. 2d 38, 39 (D.D.C. 2000) (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). The record before the Court establishes that the recordings requested by plaintiff did not exist in 2009 when he submitted his FOIA request and do not exist now. These records were destroyed in 2007, in accordance with the Secret Service's Investigative Manual. *See* Def.'s Mem., Vazquez Decl. ¶ 8; *see id.* Just Decl. ¶ 6. Plaintiff's bald allegations that these recordings were destroyed in bad faith appear to be based upon

misinterpretations of the law and unsupported speculation, and are wholly insufficient to rebut

the presumption of good faith afforded to agency declarations. *Negley v. FBI*, 169 Fed. App'x

591, 594 (D.C. Cir. 2006) (citing *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir.

1991)).

## III.  CONCLUSION

Defendants demonstrate compliance with the FOIA, notwithstanding the destruction of

the requested recordings, by showing that the search for records was reasonable under the

circumstances.  The motion to dismiss or, alternatively, for summary judgment, will be granted.

An Order accompanies this Memorandum Opinion.


/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge

DATE:  September 20, 2011